ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO. 3:14-CR-0412-M |
|---|---|
| v. | |
| LADESTRO DOUGLAS | |

## FACTUAL RESUME

Ladestro Douglas ("Douglas"), the defendant, Reed Prospere, the defendant's attorney, and the United States of America agree to the law and facts as follows:

### ELEMENTS OF THE OFFENSE

In order to prove the offense alleged in Count Two of the Indictment, that is, Conspiracy to Commit Sex Trafficking of Children in violation of 18 U.S.C. § 1594(c), the government must prove each of the following elements beyond a reasonable doubt:

*First:*   That the defendant and another person knowingly entered into an agreement to recruit, entice, harbor, transport, provide, obtain or maintain by any means Jane Doe, who had not attained the age of 18 years, knowing or in reckless disregard of the fact she had not attained the age of 18 years, and who was caused to engage in commercial sex acts;

*Second:*   That the defendant's acts and objects of the conspiracy were in and affecting interstate commerce;

*Third:*   That the defendant knew of the unlawful purpose of the agreement; and

*Fourth:*   That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Factual Resume - Page 1

## STIPULATED FACTS

In May of 2012, Ladestro Douglas contacted seventeen year old Jane Doe 1 on the internet and began communicating with her. Shortly thereafter, he convinced her to leave her foster home in Alabama to go with him to Texas. Douglas drove to Alabama to pick up Jane Doe 1, and he drove her to various cities in Texas. After arriving in Texas, Douglas facilitated Jane Doe 1 engaging in commercial sex acts by: (1) taking provocative photographs of her for use on commercial sex websites; (2) posting her on Backpage.com and other similar commercial sex websites; (2) renting hotel rooms for her to engage in commercial sex acts; (3) providing her with contraceptives to use with customers; and (4) driving her to various cities to engage in commercial sex acts. Jane Doe 1 gave Douglas all of the money she earned from engaging in the commercial sex acts.

On or about July 22, 2012, while in Dallas, Texas, police responded to a hotel after a disturbance was reported. When officers arrived at the hotel parking lot, they encountered Jane Doe 1, who explained that she had gotten in an altercation with Douglas, who was her pimp. Officers eventually discovered that Jane Doe 1 was a seventeen year old runaway from Alabama. Dallas police arrested Douglas, and he subsequently agreed to waive his *Miranda* warnings and participate in an interview. During the interview, Douglas admitted that he knew Jane Doe 1 was seventeen, and that

she was engaging in commercial sex acts throughout the state of Texas. Jane Doe 1 lost contact with Douglas for several months, but after she turned eighteen, they reunited, and Douglas continued to facilitate her commercial sex acts.

Then, in December of 2013, Jane Doe 1 and another woman were working in Odessa, Texas at Douglas's direction. While there, they encountered sixteen year old Jane Doe 2 walking down the street, and the two women asked if Jane Doe 2 needed a ride. Jane Doe 2 said that she did, and she joined them. Jane Doe 1 contacted Douglas and told him about Jane Doe 2, and he traveled to Odessa to meet her. Douglas, Jane Doe 1 and Jane Doe 2 all traveled back to Dallas on a bus. Once they arrived, Douglas and Jane Doe 1 began to facilitate Jane Doe 2's engaging in commercial sex acts. They took provocative photographs of Jane Doe 2 and posted her on Backpage.com. In addition, at Douglas's direction, Jane Doe 1 contacted certain commercial sex customers to see if they wanted to pay to have sex with Jane Doe 2. Jane Doe 1 also rode in the car with Jane Doe 2 to her commercial sex transactions, but she did not go into the room when they occurred. After Jane Doe 2 completed the commercial sex acts, she gave the money she earned to Douglas. Ultimately, Jane Doe 2 told Douglas that she wanted to go home for the Christmas holiday in late December of 2013, and he allowed her to leave.

Accordingly, Douglas admits that from on or about mid-December 2013 through on or about December 31, 2013, the exact dates being unknown, in the Dallas Division of the Northern District of Texas and elsewhere, that he and Jane Doe 1 knowingly entered

into an agreement to recruit, entice, harbor, transport, provide, obtain or maintain by any means Jane Doe 2, who was under the age of 18, knowing or in reckless disregard of the fact that she had not attained the age of 18, and who was caused to engage in commercial sex acts; and her acts were in or affecting interstate commerce. Douglas further acknowledges that he knew of the unlawful purpose of the agreement, and he joined in the agreement willfully, that is, with the intent to further its unlawful purpose. Finally, Douglas admits that his conduct violated 18 U.S.C. § 1594(c), and the above facts are true and correct.

_____    January 16, 2015
CARA FOOS PIERCE
Assistant United States Attorney

x_____    _____
LADESTRO DOUGLAS             Date
Defendant

_____    _____
REED PROSPERE                Date
Attorney for Defendant

Factual Resume - Page 4